David P. O'Hara, Esq. Informal Opinion Town Attorney No. 96-3 Town of Cazenovia 9 Albany Street Cazenovia, N Y 13035
Dear Mr. O'Hara:
You have informed us that your zoning enforcement officer is planning to retire around March of 1996 and that one of the current town board members, who at that time will be in the third year of his four-year term on the board, is interested in becoming the new zoning enforcement officer. You have indicated that this individual, in addition to his experience on the town board, has also been a member of the town planning board. You have inquired whether the town board member may resign from the board and then be appointed by the town board to the position of zoning enforcement officer once the vacancy has occurred.
While the Town Law has established an exception, it is necessary to set forth the general rule of law applicable to such appointments. Common law voids the appointment by a board of a member of that board to a public office or position of employment. Wood v. Town of Whitehall, 120 Misc. 124
(Sup Ct Washington Co), affd, 206 App. Div. 786 (3d Dept 1923). While the rule in Whitehallapplies to the appointment of a current board member by that board, the reasoning of the Court is relevant here:
 When public officers, such as the members of a town board, are vested by the legislature with power of appointment to office, a genuine responsibility is imposed. It must be exercised impartially, with freedom from a suspicion of taint or bias which may be against the public interest. An appointing board cannot absolve itself from the charge of ulterior motives when it appoints one of its own members to an office. It cannot make a difference whether or not his own vote was necessary to the appointment. The opportunity improperly to influence the other members of the board is there. No one can say in a given case that the opportunity is or is not exercised. What influenced the other members to vote as they did, no one knows except themselves. Were their motives proper, based solely on the fitness of the appointee? They may have been. Were they improper, based on the promise or expectation of reciprocal favors?
Id., p 125.
Thus, the Court in Whitehallreasoned that the power of appointment must be exercised impartially with freedom from a suspicion of taint or bias. That standard cannot be met where there is the opportunity improperly to influence the other members of the board. The Court found that the opportunity is present when a member of the board is appointed to a position.
Returning to your inquiry, the town board member would resign prior to the appointment by the town board to fill the vacancy in the office of zoning enforcement officer. While these facts distinguish your inquiry from those in Whitehall, one can envision circumstances under which the reasoning of the Whitehallcase would apply to appointment of a former board member. Op Atty Gen (Inf) 87-4. For example, if a board decides to appoint one of its current members to fill a vacancy at a future date, following his resignation from the board, the key elements of theWhitehalldecision will be present. Id. The prospective appointee, as a member of the board, would have an opportunity improperly to influence fellow board members. The public reasonably may question whether the appointment was made solely in the public interest after consideration of other interested candidates.
We have found, however, that section 64(5) of the Town Law authorizes such an appointment. Op Atty Gen (Inf) No. 87-79.
 A person, otherwise qualified, who is a member of the town board at the time the vacancy occurs may be appointed to fill the vacancy provided that he shall have resigned prior to such appointment.
Town Law § 64(5). We found that this provision is applicable to filling of a vacancy in a town office and, therefore, can be applied to the position of zoning enforcement officer. Id., Op Atty Gen (Inf) No. 87-79.
We conclude that a member of the town board may resign from the board in order to be appointed to fill a vacancy in the position of zoning enforcement officer.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions